## J. P. Hall v. State.

No. 2247. Decided February 5, 1913.

1.—Theft from Person—Charge of Court—Imputing Crime to Another.

Where upon trial of theft from the person, there was evidence that another person committed the theft, this issue should have been submitted to the jury in a proper charge, as requested by the defendant.

2.—Same Evidence—General Reputation.

Where, upon trial of theft from the person, there was evidence tending to show that another party committed the theft, the reputation of such party was an issue in the case and testimony as to his general reputation was admissible.

Appeal from the District Court of Wichita. Tried below before the Hon. P. A. Martin.

Appeal from a conviction of theft from the person penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*P. B. Cox,* for appellant.—On question of admitting evidence as to general reputation of party to whom the crime was imputed M. K. & T. Ry. Co. v. Adams, 42 Tex. Civ. App., 274, 114 S. W. Rep., 453; Zysman v. State, 60 S. W. Rep., 669; Harris v. State, 45 S. W. Rep., 714; Casey v. State, 50 Tex. Crim. Rep., 392, 97 S. W. Rep., 496; Dickson v. State, 15 Texas Crim. App., 271.

On question of court's charge as to imputing crime to another: Dubose v. State, 10 Texas Crim. App., 230; Wheeler v. State, 56 Tex. Crim. Rep., 547, 121 S. W. Rep., 166; Harrison v. State, 83 S. W. Rep., 699; Kirby v. State, 49 Tex. Crim. Rep., 517, 93 S. W. Rep., 1030; Murphy v. State, 36 Texas Crim. Rep., 24.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of theft from the person, and his punishment assessed at two years confinement in the State penitentiary.

The State's testimony would show that appellant was the person who stole the money. That the money was stolen, and from the person of W. J. Hannan while he was asleep is proven beyond doubt, but the defendant and his witnesses would make Troy Lane the one guilty of the offense. Defendant swears that he saw Lane go into the pockets of Hannan while he was asleep, and that he reported these facts to the officers that night. In this he is supported by the officers who testify that appellant did report the matter to them, and they arrested Lane that night. The issue was sharply drawn by the testimony, whether appellant or Lane was the thief, and appellant requested a charge that if the jury found and believed that Troy Lane took the money from the prosecuting witness, Hannan, they would acquit him, or if they had a resonable doubt as to whether or not said Troy Lane took said money they should acquit. We are of the opinion this charge should have been given. Under an unbroken line of decisions this court has held that where the testimony raises the issue that another person may have committed the offense, this issue must be submitted to the jury in the charge of the court, and where a special charge is requested and refused, this will present reversible error. It might be said that the only contested issue in

this case was, who took the money, defendant or Troy Lane. The State's testimony would show that defendant was the person who did so, while the testimony offered in behalf of defendant would show that Troy Lane was the person who took the money.

The other matters presented in the motion for a new trial we do not deem it necessary to discuss, as they will not likely occur on another trial. But we will say that defendant and his testimony tending to show that Troy Lane was the person who had stolen the money, his reputation for honesty would be an issue, and it was permissible for the State to prove his general reputation in this respect.

The judgment is reversed and the cause is remanded.

*Reversed and Remanded.*